IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA et al, <br> Plaintiffs, <br><br> v. <br><br> EDUCATION MANAGEMENT LLC et al, <br> Defendants. | 2:07-cv-461 |

| | |
|---|---|
| UNITED STATES OF AMERICA et al, <br> Plaintiffs, <br><br> v. <br><br> SOUTH UNIVERSITY ONLINE et al, <br> Defendants. | 2:07-cv-971 |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court are parallel motions filed in two related cases: DEFENDANTS' MOTION TO AMEND SEAL ORDERS (ECF No. 273, Civil Action No. 07-461) and DEFENDANTS' MOTION TO AMEND SEAL ORDERS (ECF No. 80, Civil Action No. 07-971), with brief in support. The United States filed virtually identical responses in opposition to the motions, with a sealed Declaration of Assistant United States Attorney Paul E. Skirtich (the "Skirtich Declaration") in support. Defendants ("EDMC") filed a reply and the motions are now ripe for disposition.

In accordance with 31 U.S.C. § 7370, relator Lynntoya Washington filed the original Complaint in Civil Action No. 07-461 (the "*Washington* case"), a qui tam False Claims Act case, under seal on April 5, 2007. The *Washington* case remained under seal for over four years, until April 29, 2011, when the United States filed a Notice of Election to Intervene (ECF No. 79). By Order dated May 3, 2011 the Court unsealed the relator's Second Amended Complaint, but all

1

other previously-filed documents remained under seal. EDMC reports that the actual docket numbers and titles of the other 77 filings are themselves sealed and cannot be seen on the electronic filing system.[1]

On July 12, 2007, relator Brian Buchanan filed a Complaint under seal in Civil Action No. 07-971 (the "*Buchanan* case"), a similar qui tam False Claims Act case which was initially assigned to Judge Schwab of this Court. On April 15, 2010 the government gave notice that it would not intervene in the *Buchanan* case. On May 6, 2010, Judge Schwab granted relator Buchanan's motion to lift the seal and entered an Order which unsealed docket entries 1 and 24-27, but maintained the seal on docket entries 2-23. On September 15, 2010, the case was re-assigned to this member of the Court. On June 24, 2011, the Court granted the parties' stipulation of dismissal and closed the *Buchanan* case.

In the instant motions, EDMC seeks a lifting of the seal order in the *Washington* and *Buchanan* cases. On September 6, 2012, Magistrate Judge Eddy issued an order to unseal certain documents in the *Sobek* case, Civil Action No. 10-131, another similar False Claims Act case.

EDMC contends that fundamental fairness and due process concerns require the unsealing of the docket, unless the United States is able to demonstrate a need for continued secrecy to prevent a specific harm. EDMC reasons that the burden must be placed on the United States, because it is the only party with access to the relevant information. EDMC is willing to accept several restrictions on the unsealing of the dockets. For instance, EDMC suggests that the Court could: (1) order disclosure of information that has been provided to the Relator; (2) limit access to the unsealed information to just Defendants and/or their attorneys (i.e., "attorneys eyes

---

[1] ECF Nos. 81, 82 and 83 are similarly masked. ECF Nos. 191, 193, 195 and 196 were previously unsealed and provided to EDMC.

only"); (3) limit used of the information to the defense of this lawsuit; (4) unseal, but redact as necessary; or (5) require the government to produce an "Under Seal" log.

The United States contends that the dockets should remain under seal. The United States argues, inter alia, that the text of the False Claims Act provides for unsealing of the Complaint only; and that maintaining the seal protects the investigatory and deliberative processes of the United States and promotes candor to the Court regarding the status of the government's decision as to whether or not to intervene. The government contends that the sealed documents in these cases contain express references to its investigative procedures and plans, analysis of the allegations and the decision-making process. The government contends that the sealed documents are irrelevant to any claims or defenses in either case. In the alternative, the United States requests that the Court allow it to promptly submit in camera recommended redactions from the materials the Court intends to unseal; or limit the disclosure to "attorneys eyes only."

There are legitimate concerns on both sides. The Court recognizes the government's interests in protecting its deliberative process and appreciates the candor with which the United States has reported on the status of its investigation. In *United States ex rel. Singh v. Bradford Regional Medical Center*, 2007 WL 7705584 (W.D. Pa. 2007), Judge Cohill of this Court explained that matters should remain sealed if they would reveal: (1) "confidential investigative techniques"; (2) "information which could jeopardize an ongoing investigation"; or (3) "matters which could injure non-parties." After an in camera review, Judge Cohill concluded that certain documents should be unsealed in their entireties and another document should be unsealed, but in redacted form.

On the other hand, EDMC is facing complex allegations and massive potential liability in the *Washington* case. Ex parte proceedings "are inherently unfair, and they pose a threat to the

administration of justice. They debilitate the adversary system." *Leone v. Towanda Borough*, 2012 WL 1123958 at *3 (M.D. Pa. 2012). In the *Washington* and *Buchanan* cases, the United States engaged in ex parte communications with the Court for several <u>years</u>. It is certainly understandable for EDMC to be interested in the nature of those interactions.

There is also a strong public interest in the disclosure of judicial proceedings:

> In considering the appropriateness of sealing court records, the Seventh Circuit has given great weight to the strong public interest in disclosure. Concealing judicial records "disserves the values protected by the free-speech and free-press clauses of the First Amendment ... [and prevents] the public [from] monitor[ing] judicial performance adequately."

*United States ex rel. Yannacopolous v. General Dynamics*, 457 F.Supp.2d 854, 858 (N.D. Ill. 2006) (quoting *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002)). The Court must balance the need for the information sought by EDMC against the harm to the government risked by disclosure, in light of the public interest. *Id*.

To meet its burden, it is not sufficient for the government to conclusorily allege that its investigation or decision-making processes might be revealed. In *Yannacopolous*, the Court explained: "it is proper to grant a motion to unseal a document that reveals only routine investigative procedures which anyone with rudimentary knowledge of investigative processes would assume would be utilized in the regular course of business ... and contains no information about specific techniques." 457 F.Supp.2d at 858; *Accord United States ex rel. Mikes v. Straus*, 846 F.Supp. 21, 23 (S.D.N.Y. 1994); *United States ex rel. Littlewood v. King Pharmaceuticals, Inc.*, 806 F.Supp.2d 833, 843 (D. Md. 2011). To justify continuation of the seal, the government must convince the Court why specific, substantive details should not be revealed.

The Court has closely scrutinized the Skirtich Declaration and has performed a review of each of the sealed documents cited therein. The government's justifications are conclusory and

the sealed documents merely reflect routine investigative procedures and/or widely known information. For example, the United States seeks to justify the seal on the September 3, 2009 extension request because it refers to the change in presidential administrations and resulting changes in agency personnel. As another example, the August 5, 2010 Notice of the United States That It Is Not Intervening at This Time merely states the United States had not completed its investigation because "certain potentially relevant information has not become available." No specific facts or persons were identified. The extension request of March 24, 2011 lists the numerous governmental departments involved in the decision, but such information is not surprising given the magnitude of this case. The extension request of April 8, 2011 recites actions taken by counsel for EDMC. The government has not explained the adverse consequences of disclosure of such information. In sum, the Court concludes that the United States has not met its burden to keep any documents entirely under seal.

The Court further concludes that disclosure restricted to "attorneys eyes only" -- which has been suggested by both sides --will adequately address their respective legitimate concerns. Thus, the seal will be lifted in both the *Washington* and *Buchanan* cases only as to the attorneys of record for EDMC. Use of the information shall be limited to the defense of the *Washington* case, absent further Order of Court.

Conclusion

In accordance with the foregoing, DEFENDANTS' MOTION TO AMEND SEAL ORDERS (Civil Action 07-461, ECF No. 273) and DEFENDANTS' MOTION TO AMEND SEAL ORDERS (Civil Action 07-971, ECF No. 80) will be **GRANTED**.

An appropriate Order will be entered in each case.

            McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA et al,<br>Plaintiffs,<br><br>v.<br><br>EDUCATION MANAGEMENT LLC et al,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:07-cv-461 |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA et al,<br>Plaintiffs,<br><br>v.<br><br>SOUTH UNIVERSITY ONLINE et al,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:07-cv-971 |

## ORDER OF COURT

AND NOW, this 28th day of August, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that DEFENDANTS' MOTION TO AMEND SEAL ORDERS (Civil Action 07-461, ECF No. 273) and DEFENDANTS' MOTION TO AMEND SEAL ORDERS (Civil Action 07-971, ECF No. 80) are **GRANTED**. All prior seal orders issued in this case are hereby amended to grant to the eyes of Defendants' counsel of record only access to all sealed filings.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: All counsel of record